UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

AVANTAIR, INC.,

    Debtor.

Case No. 13-09719-CPM

Chapter 7

_____/

BETH ANN SCHARRER, AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF AVANTAIR, INC.

    Plaintiff,

vs.

Adversary Pro. No.: 8:13-ap-00736

MARY PETERSON, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, AND SCOTT PIWINSKI, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED

    Defendants.

_____/

**MOTION FOR PRELIMINARY INJUNCTION EXTENDING
THE AUTOMATIC STAY PURSUANT TO SECTION 105
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Beth Ann Scharrer, as Chapter 7 Trustee for the bankruptcy estate of Avantair, Inc. ("Plaintiff" or "Trustee"), by and through her undersigned counsel, respectfully files this motion seeking an extension of the automatic stay pursuant to 11 U.S.C. Section 105 and a commensurate preliminary injunction staying the pending action brought by Mary Peterson and Scott Piwinski, on behalf of themselves and all others similarly situated (collectively, the "Employee Litigants"), pending before the United States District Court for the Middle District of Florida, styled as *Mary Peterson, Scott Piwinski, on their own behalf and on behalf of those*

*similarly situated, v. Avantair, Inc., Steven F. Santo, Bret A. Holmes, and David Haslett*, Case Number 8:13-cv-01683-VMC-EAJ (the "Pending Action"), that threaten to prejudice the Debtor's property interest in two directors and officers ("D&O") liability insurance policies (the "D&O Policies"), issued by National Union Fire Insurance Company of Pittsburg, PA ("NUFIC") and Allied World National Assurance Company ("Allied").

## PRELIMINARY STATEMENT

The estate holds an interest in the D&O Policies with coverage, in the aggregate, of $15,000,000.00. To the extent that the available insurance proceeds are reduced, the amount available to creditors will be reduced on a dollar for dollar basis. Moreover, because the payment of defense expenses under the D&O Policies serve to erode the limits, the simple defense of the Employee Litigation (as defined herein) will reduce the sum available to creditors under the D&O Policies. Unless an injunction is granted, the Employee Litigants may be able to exhaust or severely diminish the insurance proceeds that would otherwise be available for the Trustee to recover in connection with any litigation brought by her against the current and former officers and directors of Avantair, Inc. (the "Debtor"). Accordingly, an injunction pursuant to Section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") is warranted.

## FACTUAL BACKGROUND

1. Contemporaneously herewith, the Trustee commenced an adversary proceeding, pursuant to 11 U.S.C. Sections 105, to obtain an injunction to prevent (i) the continued prosecution the Pending Action; and (ii) any attempt by the Employee Litigants to prosecute similar or related claims in another forum (collectively the "Employee Litigation").

2. On July 25, 2013, certain petitioning creditors filed an involuntary petition against the Debtor. On August 16, 2013, the Court entered an order for relief under Chapter 7 against the Debtor.

3. Prior to the filing of the involuntary petition, the Debtor purchased certain insurance policies providing director and officer liability coverage, including:

    a. A National Union Fire Insurance Company of Pittsburg, PA ("NUFIC") Management Liability Insurance Policy providing $10 million of primary insurance coverage (the "NUFIC Policy");

    b. An Allied World National Assurance Company (the "Allied Policy"), providing $5 million in excess coverage.

4. Each of the D&O Policies: provide "claims made" coverage for claims made period during the period from February 24, 2013, through February 24, 2014; provide coverage for costs of defending claims made, as well as any judgments ultimately rendered; and are "wasting policies" providing that funds expended for costs of defense reduce the available coverage under the policies.

5. Prior to the filing of the involuntary petition against the Debtor, the Employee Litigants commenced the Pending Action, which asserts claims against the Debtor and former officers of the Debtor, Steven F. Santo, Bret A. Holmes, and David Haslett (collectively, the "Officers"), for violation of the Fair Labor Standards Action of 1938 and the Worker Adjustment and Retraining Notification Act of 1988 (collectively, the "Employee Claims").

6. The Pending Litigation and Employee Claims were made during the February 24, 2013, through February 24, 2014 policy periods under the D&O Policies. Counsel for the

Trustee has been advised that the defense of the Officers is the Pending Action is being provided under one or more of the D&O Policies.

7. The Trustee is actively reviewing the Debtor's books and records to determine whether the Estate has any causes of action against the Officers or other directors and officers of the Debtor, including but not limited to claims for negligence, breach of fiduciary duty, or self-dealing. The D&O Policies may provide coverage for any claims the Estate has against former directors and officers of the Debtor that are made during the February 24, 2013, through February 24, 2014, policy period.

## ARGUMENT

**I. THE TRUSTEE IS ENTITLED TO A PRELIMINARY INJUNCTION EXTENDING THE AUTOMATIC STAY**

Section 105(a) authorizes the Court to "issue any order...necessary or appropriate to carry out the provisions of the" Bankruptcy Code. 11 U.S.C. § 105(a). The Court's authority under Section 105 "is broader than the automatic stay provisions of Section" and the Court "may use its equitable powers to enjoin proceedings in other courts when it is satisfied that such a proceeding would defeat or impair its jurisdiction with respect to a case before it." *Johns-Manville Corp. vs. Colorado Ins. Guar. Ass'n (In re Johns-Manville Corp.)*, 91 B.R. 225, 227-28 (Bankr. S.D.N.Y. 1988); *Ropes & Gary v. Monarch Life Ins. Co. (In re Monarch Life Ins. Co.)*, 65 F.3d 978-79 (1st Cir. 1995) (bankruptcy court has the ability to stay third party actions pursuant to section 105(a) where action impacts the debtor's estate); *Fisher v. Apostolou*, 155 F.3d 876, 882 (7th Cir. 1998) (relief available under section 105(a) includes stay of third-party litigation so long as third-party suit may affect the amount of property of the estate or allocation of property among creditors).

The standard for issuance of injunctive relief under Section 105 is whether the action to be enjoined is one that would "embarrass, burden, delay or otherwise impede the bankruptcy proceedings or if the stay is necessary to preserve or protect the debtor's estate..." *Alert Holdings, Inc. v. Interstate Protective Servs., (In re Alert Holdings, Inc.)*, 148 B.R. 194, 200 (Bankr. S.D.N.Y. 1992); *Keene Corp. v. Acstar Ins. Co. (In re Keene Corp.)*, 168 B.R. 285, 292 (Bankr. S.D.N.Y. 1994) (bankruptcy court can enjoin activity that impairs the court's jurisdiction with respect to a case before it). The proof required to extend the stay is not as rigorous as that normally required for injunctions. *Fisher*, 155 F.3d at 882. The basic purpose of Section 105 is to enable the court to do whatever is necessary to aid its jurisdiction, i.e., anything arising in or relating to a bankruptcy case. *Id.* Here, an injunction against continued prosecution of the Insurance Action is necessary and appropriate to protect the estate and any potential recovery under the D&O Policies by the Trustee for the benefit of all creditors and to prevent adverse rulings in the Employee Litigation that may collaterally estop the Debtor from asserting potential defenses to the Employee Litigation or that may otherwise have a preclusive effect in subsequent proceedings to determine the identical claims that are asserted against the Debtor.

  A. <u>Extending the Automatic Stay Preserves Estate Property that Will Benefit All Creditors</u>

In assessing whether to issue an injunction under Section 105(a), a bankruptcy court should utilize a difference standard that the four factors traditionally considered in deciding whether to issue a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. *Fisher*, 155 F.3d at 882 (four prong preliminary injunction analysis is unnecessary when proceeding under Section 105). Under Section 105, the bankruptcy court may enjoin the continuation of pending litigation against a third party where the court reasonably concludes that such actions would threaten an adverse impact on estate administration. *Id.*

5

It is well established that directors and officers insurance policies are property a debtor's bankruptcy estate. *See, e.g.*, *Louisiana. World Exposition, Inc. v. Fed. Ins. Co. (In re La. World Exposition, Inc.)*, 832 F.2d 1391 (5th Cir. 1987); *Youngstown Osteopathic Hosp. Ass'n v. Ventresco (In re Youngstown Osteopathic Hosp. Ass'n)*, 271 B.R. 544 (Bankr. N.D. Ohio 2002); *In re Daisy Sys. Secs. Litig.*, 132 B.R. 752 (N.D. Cal. 1991). It is equally clear that the proceeds of a wasting policy are finite. To the extent that the available insurance proceeds are reduced by payment of defense costs or claims, the amount available to creditors will be reduced on a dollar for dollar basis. Thus, for every dollar spent on defense of the Employee Litigation or otherwise paid out in connection with the Employee Litigation will result in a dollar for dollar reduction of funds available to all creditors of the Debtor in the event the Trustee identifies and successfully pursues claims against the former officers and directors of the Debtor. Unless an injunction is granted, the Employee Litigants will exhaust or deplete the insurance proceeds that would otherwise be available for the Trustee to recover in connection with any litigation brought by her against the former officers and directors of the Debtor. Thus, allowing the Employee Litigation to continue may have the effect of completely exhausting what may be the only substantial asset available to all creditors of the Debtor. Under these circumstances, extending the stay to the Employee Litigation is warranted.

  B. <u>Extending the Automatic Will Prevent Adverse Rulings in the Insurance Litigation that Could Affect the Debtor</u>

Courts routinely recognize that section 105 of the Bankruptcy Code may be used to enjoin litigation against non-debtors where there is the potential threat of the debtor being collaterally estopped from asserting potential defenses if an adverse judgment is rendered against non-debtors. *See*, *in re United Health Car Org.*, 210 B.R. 228, 232 (S.D.N.Y. 1997); *American Film Technologies, Inc. v. Taritero (In re American Film Technologies, Inc.)*, 175 B.R. 847, 849-

50 (Bankr. D. Del. 1994) (enjoining wrongful discharge claims against former and present officers and directors of a debtor recognizing that a finding of liability against the directors and officers would expose the debtor to the risk of being collaterally estopped from denying liability for its directors' actions); *Sudbury Inc. v. Escott (In re Sudbury, Inc.)*, 140 B.R. 461-463 (Bankr. N.D. Ohio 1992) (finding that it was not possible for a debtor's directors and officers to be found liable except on facts that would impose liability on the debtor); *Eastern Airlines, Inc. v. Rolleson (In re Ionosphere Clubs, Inc.)*, 111 B.R. 423, 435 (Bankr. S.D.N.Y.) (court enjoined actions against a debtor's co-defendants since the claims against the debtor and the co-defendants were "inextricably interwoven, present common questions of law and fact" such that a finding of liability as to the debtor's co-defendants could be extended to the debtor and collateral estoppel could bar the debtor from litigation factual and legal issues critical to its defense).

The Employee Litigation cannot be bifurcated without having an adverse impact on the defenses available to the Debtor because the claims against the Debtor are inextricably interwoven with the claims against the Officers. As in *In re American Film Technologies*, any findings of fact or conclusions of law made by the court in the Pending Action may have preclusive effect in subsequent proceedings to determine the identical claims that are asserted against the Debtor. As a result, as long as the Employee Litigants continue the Employee Litigation, the estate's interests are at stake. To refuse application of the stay in such a circumstance would defeat the very purpose and intent of the stay because continued litigation of the Employee Litigation could effectively result in the estate losing its ability to collect under the D&O Policies (property of the estate), which Section 362 is intended to protect. *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986).

C. Extending the Automatic Stay Will Not Cause Harm to the Employee Litigants

While a preliminary injunction would benefit the bankruptcy estate as a whole for all the reasons discussed above, extending the automatic stay will not cause harm to the Employee Litigants. The Trustee is not asking to prevent the Employee Litigation from ever going forward. Once the Trustee has concluded any causes of action the estate may have against the Officers, the Employee Litigants will be free to continue the Employee Litigation and recover any sums available under the D&O Policies or otherwise from the Officers. Further, the Employee Claims represent claims that may be entitled to priority under Section 507 of the Bankruptcy Code. To the extent that such claims are entitled to priority treatment, they will be paid before all other general unsecured creditors.

## CONCLUSION

The relief sought in this Motion is necessary in order to insure that nothing will adversely impact the Trustee's administration of the estate and the availability of insurance proceeds and defenses to the estate. If the Employee Litigation is permitted to continue, the defense costs which are required to be advanced under the D&O Policies will erode the coverage available to satisfy the claims of the Trustee against the Officers. Additionally, any findings of fact and conclusions of law made in the Pending Action may have a preclusive effect in subsequent proceedings against the Debtor. Because continuation of the Employee Litigation threatens an adverse impact on estate administration, an injunction under Section 105 extending the automatic stay to the Employee Litigation is appropriate.

WHEREFORE, the Trustee respectfully requests this Court enter an Order pursuant to Sections 105(a) and 362 of the Bankruptcy Code: (i) enjoining and restraining the Employee

Litigants from taking any further acts in or in connection with the Employee Action; (ii) any further relief as is just and proper.

Dated: August 22, 2013.

      /s/ *Lynn Welter Sherman*
Lynn Welter Sherman
Florida Bar No. 375616
Tiffany A. DiIorio
Florida Bar No. 0719706
Adams and Reese LLP
101 East Kenney Blvd.
Suite 4000
Tampa, Florida 33602
Telephone: (813) 402-2880
Facsimile: (813) 402-2887
E-Mail: lynn.sherman@arlaw.com
      tiffany.diiorio@arlaw.com
Attorneys for Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 22, 2013, a true and correct copy of the foregoing was provided via U.S. Mail, postage prepared to the following:

**Ryan D. Barack**
Kwall, Showers & Barack, PA
133 N Fort Harrison Ave
Clearwater, FL 33755
Attorney for Employee Litigants

**Jay P. Lechner**
Greenberg Traurig, LLP
Suite 100
625 E Twiggs St
Tampa, FL 33602-3925
Attorney for Officers

**Mary Peterson**
11684 Foxcreek Drive
Tampa, Florida 33635

**Scott Piwinski**
1716 Joshua Court
Palm Harbor, Florida 34683

      /s/ *Tiffany A. DiIorio*
      Tiffany A. DiIorio